# WILLIAM M. ASHLOCK
## v.
# WALTER VIVELL.

*Sales—To Minor—Recovery for—Ratification—Pleading—Evidence.*

In an action to recover the price of a horse sold to defendant, a minor, this court holds, in view of the action of the trial court in overruling a demurrer filed in behalf of the plaintiff, that the judgment against him can not stand.

[Opinion filed February 14, 1890.]

APPEAL from the Circuit Court of Greene County; the Hon. G. W. HERDMAN, Judge, presiding.

Mr. JAMES R. WARD, for appellant.

Mr. JOHN G. HENDERSON, for appellee.

CONGER, J.  This case was before us at the May term, 1888. The facts necessary to an understanding of the question at issue, as stated in the opinion then filed, are as follows:

"The declaration in this case consists of two counts.  The first is an ordinary count in trover, for the value of a horse. The second sets forth, in detail, the sale of a horse, worth $250, by appellant to appellee, who was a minor, the giving of a note therefor, the concealment by appellee of his minority and of an intention not to pay for the horse, the sale and conversion of the horse to appellee's use, and his refusal to pay

the note he had given. A demurrer was sustained to the second count. A plea of general issue was filed, and also a second plea, averring that the plaintiff delivered the horse to the defendant under a contract of purchase, and in consideration of the delivery of the horse, the defendant executed and delivered the promissory note described, to the plaintiff; that defendant sold the horse, and at the time of the making of the note and the sale of the horse, the defendant was under twenty-one years of age, and that at the time the defendant arrived at the age of twenty-one years, he did not have and at no time since did he have, the possession of the horse, or any part of the proceeds of the sale thereof.

" To this second plea a replication was filed averring in substance that at the time of making the purchase the appellee did not intend to pay for said horse, and with such fraudulent intent on his part not to pay for the horse, gave his note therefor, with the fraudulent intent then formed not to pay said note, but defeat its payment by the plea of infancy, and by such fraudulent means procured the delivery to him of said horse, and that he took the horse to a foreign State, sold it and converted the proceeds to his own use; that he afterward refused to pay the note, whereupon appellant tendered him back his note and demanded his horse.

" To this replication a general demurrer was filed and sustained by the court and upon the trial  *  *  *  a verdict and judgment for appellee followed."

Upon the former appeal we held this replication to be good.

In the Circuit Court, upon the reinstatement of the case at the September term, 1889, the appellee filed three rejoinders to the second replication.

The first is a general traverse; the second alleges that the plaintiff brought suit against the defendant on February 13, 1888, in the said Circuit Court, to recover the amount due on the promissory note described in the second replication, and that on said 13th day of February, 1888, the plaintiff had full knowledge of all the matters and things set out in the said replication.

The third rejoinder alleges that on January 28, 1888, the

plaintiff demanded payment of the promissory note in the said second replication described, and at the time had full knowledge of all the material facts set out in said replication, and that by such demand the plaintiff ratified and affirmed the contract on his part and is estopped from pleading the matters and things in said replication set out. To this third rejoinder plaintiff filed a general demurrer, which the court overruled, and upon the plaintiff electing to stand by his demurrer, the court rendered judgment in bar of plaintiff's action and for the costs, against the plaintiff. We think neither the second nor third rejoinders can be sustained.

At most they but plead evidence of affirmance. The facts set forth might tend to show affirmance upon the part of plaintiff; but the vice of the rejoinders and the theory alone upon which they can be sustained is, that the supposed contract of sale could depend for its affirmance upon the action of appellee. Nothing he could do would affirm the supposed contract.

If appellee had in good faith attempted to purchase the horse, appellant would at all times have been bound by the contract thus entered into, while appellee, because of his minority, would have an election to be bound by it, or to disaffirm it. But when the transaction as alleged in the replication to the second plea was that appellee obtained possession of the horse with the fraudulent intent then existing in his mind not to be bound by his note, nor pay for the property, no contract was made between the parties, and appellee could never make it a contract if he had desired to, and whether the appellant could do this it is not necessary to decide. We think the court erred in overruling the demurrer to the third rejoinder, for which reason the judgment will be reversed and the cause remanded.

*Reversed and remanded.*